UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Taft Pittman, an individual,

    Plaintiff,

v.                                                Case No. 07-13374

City of Detroit, a municipal corporation,       Honorable Sean F. Cox
John Ruese, an individual and Kim Worthy,
in her official capacity as Wayne County
Prosecutor, jointly and severally,

    Defendants.
_____/

**OPINION & ORDER**

This § 1983 action is currently before the Court on Defendants' motions seeking dismissal of this action. The parties were given ample opportunity to brief the issues and the Court held a hearing on October 9, 2008. For the reasons below, the Court shall dismiss this action with prejudice.

BACKGROUND

In August, 2006, Plaintiff Taft Pittman ("Plaintiff") filed suit against Defendants in Wayne County Circuit Court, alleging various tort claims. (*See* Pl.'s Br. at 1; Def.'s Br. at 1). Plaintiff acknowledges that state court action was dismissed based upon statutory governmental immunity. (Pl.'s Br. at 1).

On August 13, 2007, Plaintiff filed this action against the same three Defendants: 1) the City of Detroit ("the City"); 2) John Ruese ("Ruese"); and 3) Kim Worthy, in her official capacity as Wayne County Prosecutor ("Worthy"). Plaintiff's complaint asserts just one count, "Violation of 42 U.S.C. § 1983," which it asserts against all three Defendants.

1

On June 12, 2008, Counsel for the City and Ruese filed the instant "Motion for Summary Judgment," which states that it is brought pursuant to FED. R. CIV. P. 12 and 56. (Docket Entry No. 21). After Plaintiff failed to file a response brief in opposition to that motion within the time permitted for doing so, the Court issued an Order to Show Cause why the unopposed motion should not be granted. (Docket Entry No. 23). Following that order, Plaintiff did not explain his failure to file a response brief within the time permitted for doing so. Plaintiff did, however, file a brief in response to the motion on July 18, 2008. (Docket Entry No. 25).

On July 24, 2008, Defendant Worthy filed a "Motion to Dismiss" pursuant to FED. R. CIV. P. 12(b)(6), 12(c) and/or 56(c). (Docket Entry No. 29). Plaintiff did not file a response in opposition to that motion and the time permitted for doing so has expired.

This Court scheduled both motions for hearing on October 9, 2008. At the October 9, 2008 hearing, counsel all indicated that they wished to rely on their written briefs. Plaintiff's counsel, however, indicated that he did not file a written response to Defendant Worthy's motion because he could not find authority to refute the grounds raised in the motion.

ANALYSIS

In Defendant Worthy's motion, she asserts that this action must be dismissed for several reasons.

As an initial matter, Defendant Worthy correctly notes that Plaintiff had sued her only in her official capacity as the Wayne County Prosecutor. Defendant Worthy thus contends this action fails as matter of law. The Court agrees. *See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993)(§1983 action against city prosecutor in prosecutor's official capacity is treated as suit against the state and is therefore not cognizable under §1983).

As an additional ground for dismissal, Defendant Worthy also asserts that this action must be dismissed as untimely. The City of Detroit and Defendant Ruese also assert that this action is time-barred in their motion.

The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises. *Eidson v. State of Tennessee Dept. of Children's Svs*., 510 F.3d 631, 634 (6th Cir. 2007). Michigan has a three year statute of limitations that applies to personal injury claims (*see* M.C.L. § 600.5805(10)) and, therefore, a three year statute of limitations applies to Plaintiff's § 1983 claim in this case. *Drake v. City of Detroit*, 266 Fed.Appx. 444, 448 (6th Cir. 2008). The date on which the statute of limitations begins to run in a § 1983 action, however, is a question of federal law. *Id.*

Relying on *Wallace v. Kato*, 127 S.Ct. 1091, 1096, 1100 (2007), Defendant Worthy asserts that the statute of limitations upon a § 1983 claim for false arrest in violation of the Fourth Amendment where the arrest is followed by criminal proceedings begins to run at the time the claimant becomes detained pursuant to legal process such as an arraignment or when a claimant is bound over for trial. Defendant states that:

> Here, Plaintiff was arrested on February 13, 2004. His arraignment was held on February 16, 2004 before the Honorable Magistrate Steve Lockhart. (Ex. A). Plaintiff did not file this federal civil action until August 13, 2007. [Docket 1].

(Def. Worthy's Br. at 16-17). Thus, Defendants assert that this action was untimely filed.

Plaintiff has not filed any response in opposition to Defendant Worthy's motion. Moreover, the Court agrees that this action, filed on August 13, 2007, was not timely filed based upon *Wallace v. Kato, supra*. Accordingly, this Court concludes that this action must be

3

dismissed based upon the applicable statute of limitations.[1]

CONCLUSION

For the reasons set forth above, IT IS ORDERED that this action is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: October 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2008, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager

---

[1] Given the Court's rulings, the Court need not consider or rule upon the additional grounds for relief contained in the Defendants' motions.